UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x

WILLIAM STRAWDER,

                Petitioner,

     - against -

DALE ARTUS,

                Respondent.

------------------------------------x

MEMORANDUM DECISION
AND ORDER

08 Civ. 7027 (GBD) (DF)

GEORGE B. DANIELS, District Judge:

    Pro se petitioner William Strawder seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. At trial, Petitioner was convicted of one count of murder in the second degree in violation of New York State Penal Law § 125.25[1]. Petitioner was sentenced to 25 years to life in prison on November 18, 2003. The Appellate Division affirmed his conviction on October 11, 2007, (see People v. Strawder, 843 N.Y.S.2d 246 (1st Dep't 2007)) and the New York State Court of Appeals denied Petitioner's application for leave to appeal (see People v. Strawder, 9 N.Y.3d 1010 (2007)).

    In his timely petition, Strawder asserts six claims for habeas relief:

(1) that the trial court's refusal to allow him to introduce evidence regarding the victim's possession of an open knife was erroneous and denied him a fair trial;

(2) that the prosecutor violated Brady v. Maryland by disclosing evidence related to the open knife too close to trial;

(3) that certain identification testimony was admitted in violation of state law;

(4) that the trial court's failure to give the jury a circumstantial evidence charge violated state law;

(5) that his trial counsel's failure to object to the introduction of certain identification and hearsay testimony rendered counsel's assistance constitutionally ineffective; and

(6) that his appellate counsel's failure to challenge a belated change in the prosecution's theory of admissibility of certain hearsay testimony rendered that assistance constitutionally ineffective.

This Court referred the Petition to Magistrate Judge Debra Freeman for her Report and Recommendation ("Report"). Magistrate Judge Freeman recommended that the writ be denied and the petition be dismissed with prejudice.

The Court may accept, reject or modify, in whole or in part, the findings and recommendations set forth within the Report. 28 U.S.C. § 636(b)(1). When there are objections to the Report, the Court must make a *de novo* determination of those portions of the Report to which objections are made. Id.; see also Rivera v. Barnhart, 432 F.Supp. 2d 271, 273 (S.D.N.Y. 2006). The district judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. See Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(c). It is not required, however, that the Court conduct a *de novo* hearing on the matter. See United States v. Raddatz, 447 U.S. 667, 676 (1980). Rather, it is sufficient that the Court "arrive at its own, independent conclusions" regarding those portions to which objections were made. Nelson v. Smith, 618 F. Supp. 1186, 1189-90 (S.D.N.Y.1985) (quoting Hernandez v. Estelle, 711 F.2d 619, 620 (5th Cir.1983)). When no objections to a Report are made, the Court may adopt the Report if "there is no clear error on the face of the record." Adee Motor Cars, LLC v. Amato, 388 F.Supp. 2d 250, 253 (S.D.N.Y.2005) (citation omitted).

In her report, Magistrate Judge Freeman advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). No party objected to the Report. As there is no clear error on the face of the record, this Court adopts the Report in its entirety. The petition is DENIED.

The trial court's refusal to allow Petitioner to introduce evidence regarding the victim's possession of an open knife did not deny him a fair trial. State evidentiary rulings do not typically implicate federal law, and therefore generally cannot be reviewed in habeas. Hawkins

2

v. Costello, 460 F.3d 238, 244 (2d Cir. 2006). A federal court may only review such a ruling if it was so egregious that it deprived the petitioner of a fundamentally fair trial. Zarvela v. Artuz, 364 F.3d 415, 418 (2d Cir. 2004). Magistrate Judge Freeman properly determined that the trial court's decision was not erroneous, and even if it was, it did not rise to the level of constitutional violation. The Appellate Division explicitly affirmed the trial court's ruling. Strawder, 843 N.Y.S.2d at 247. Given the strength of the evidence against Petitioner, introduction of the knife would not reasonably have changed the jury's verdict.

Magistrate Judge Freeman also properly concluded that the delayed production of the evidence relating to the knife (evidence of its existence and the statements of two witnesses who later recanted their testimony that linked the victim to the knife) did not violate the prosecution's obligations under Brady v. Maryland. Although the prosecution produced this evidence prior to trial, this production did not happen until over two years after Petitioner was arrested. Delayed disclosure only amounts to a Brady violation when the disclosure's timing affords the defense insufficient time to use the information. Leka v. Portuondo, 257 F.3d 89, 100 (2d Cir. 2001). Brady only applies to evidence that is material. Kyles v. Whitley, 514 U.S. 419, 431 (1995). Evidence of the knife was not material, as the trial court deemed it inadmissible. Petitioner cannot show that he was prejudiced by the late disclosure of inadmissible information. Further, Petitioner was permitted to interview and call the two witnesses (who recanted prior to trial) at trial, but chose not to.[1]

---

[1] Although not specifically alleged in the petition, Magistrate Judge Freeman also posited that Strawder may have attempted to state a claim for prosecutorial misconduct. After the trial judge denied Strawder's application to introduce evidence of the knife, the prosecutor made several statements to the jury that Strawder had not produced any evidence that the victim was armed. Magistrate Judge Freeman properly concluded that this claim was subject to a procedural bar (as Strawder's trial counsel did not contemporaneously object to the prosecutor's statements at trial) and that Strawder could not overcome the procedural bar.

3

Petitioner's third and fourth claims are procedurally barred because they allege errors of state law that were not presented to state courts as violations of federal law. "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). "[E]xhaustion of state remedies requires that [a] petitioner fairly present federal claims to the state courts" first. Carvajal v. Artus, 633 F.3d 95, 104 (2d Cir. 2011) (quoting Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam)) (internal quotation marks omitted). If a petitioner does not present a claim to a state court as a federal claim, the federal court cannot pass on it. Carvajal, 633 F.3d at 104. Magistrate Judge Freeman properly determined that Petitioner had not brought these two state law claims as raising any federal issues in his direct appeal. Petitioner cannot avoid this procedural bar as he has not shown any cause for this default.[2]

Petitioner's fifth and sixth claims (alleging ineffective assistance of trial and appellate counsel, respectively) are similarly without merit. To establish a denial of effective assistance of counsel, Petitioner must demonstrate two prongs: deficient performance and prejudice. See Strickland v. Washington, 466 U.S. 668 (1984); Brown v. Artuz, 124 F.3d 73, 79 (2d Cir. 1997). Petitioner must first overcome the strong presumption that his trial counsel's performance fell "within the wide range of reasonable professional assistance" and that counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland, 466 U.S. at 689-90. He must then show that there was a "reasonable

---

[2] Magistrate Judge Freeman also properly concluded that if these two claims had not been procedurally barred, they would fail because they lack merit. Admitting identification testimony without a "notice of intent" from the prosecutor or an "independent source determination" does not run afoul of any constitutional requirement. See Brown v. Harris, 666 F.2d 782, 785 (2d Cir. 1985); Watkins v. Sowders, 449 U.S. 341, 349 (1981). Neither was the trial court obligated to provide the requested circumstantial evidence charge because the prosecution's case rested on both direct and circumstantial evidence. Norwood v. Artis, [sic] 487 F. Supp. 2d 321, 333-334 (W.D.N.Y. 2007) (collecting cases).

4

probability" that but for his counsel's errors, the outcome of his trial would have been different. Id. at 694. When considering a Strickland claim, this Court need not address both parts of the inquiry if Petitioner's showing on one is insufficient. Id. at 697.

Magistrate Judge Freeman properly determined that trial counsel's failure to object to certain identification and hearsay testimony did not render counsel's performance deficient. For the reasons stated in Magistrate Judge Freeman's thorough Report (ECF No. 35 at 32-35, 39-41), counsel's objections likely would have been fruitless. Failure to make a futile objection does not drop counsel's performance below the prevailing norms of the profession. Gueits v. Kirkpatrick, 612 F.3d 118, 124 (2d Cir. 2010).

Appellate counsel's failure to challenge the prosecution's change in legal theory regarding the admissibility of certain hearsay statements (from the dying declaration exception to the excited utterance exception) did not render this attorney's performance ineffective. Appellate counsel is not obliged to advance every available argument on appeal. Smith v. Murray, 477 U.S. 527, 536 (1986) (noting that the process of "winnowing out weaker arguments" and "focusing on those more likely to prevail" is not incompetence, but the "hallmark" of effective appellate advocacy). It was a logical strategic choice to not raise this issue on appeal, because trial counsel had not objected to the admission of these hearsay statements at trial (because, as discussed in Magistrate Judge Freeman's Report (ECF No. 35 at 40-41), such an objection was likely without merit). The issue was thus unpreserved on direct appeal. Further, in his pro se supplemental appellate brief on direct appeal in state court, Petitioner raised this precise claim, and the Appellate Division rejected his argument. This alone demonstrates that appellate counsel's decision to omit them from Petitioner's counseled brief was reasonable.

**Conclusion**

Strawder's petition for habeas corpus is DENIED. As Petitioner has not made a substantial showing of the denial of a federal right, a certificate of appealability will not issue. 28 U.S.C. § 2253; Tankleff v. Senkowski, 135 F.3d 235, 241 (2d. Cir. 1998); United States v. Perez, 129 F.3d 255, 259-60 (2d Cir. 1997). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. See Coppedge v. United States, 369 U.S. 438, 444 (1962). The Clerk of the Court is directed to close this case.

Dated: New York, New York
      March 26, 2013

SO ORDERED:

*George B. Daniel*
GEORGE B. DANIELS
United States District Judge

MAR 2 6 2013